UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

DANIELLE R. P. KINSEY,

                Plaintiff,

v.                                                                                          1:11-CV-0602
                                                                                             (GTS/DRH)
CHARITABLE LEADERSHIP FOUND.,

                Defendant.
_____

APPEARANCES:                                                          OF COUNSEL:

DANIELLE R. P. KINSEY
  Plaintiff, *Pro Se*
9 Sonja Lane
Malta, NY 12020

HARTER SECREST & EMERY, LLP                              MEGAN K. DORRITIE, ESQ.
  Counsel for Defendant
1600 Bausch & Lomb Place
Rochester, NY 14604

HON. GLENN T. SUDDABY, United States District Judge

## MEMORANDUM-DECISION and ORDER

      Currently before the Court, in this action filed *pro se* by Danielle R. P. Kinsey ("Plaintiff") against Charitable Leadership Foundation ("Defendant") pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001 *et seq*., is Defendant's motion to dismiss for lack of subject-matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1), based on Plaintiff's failure to exhaust her available administrative remedies before commencing this action. (Dkt. No. 4.) For the reasons set forth below, Defendant's motion is denied.

I.    **RELEVANT BACKGROUND**

    A.    **Plaintiff's Claims**

Generally, in her Complaint, Plaintiff asserts a claim for retirement benefits against Defendant, pursuant to ERISA. (*See generally* Dkt. No. 1 [Plf.'s Compl.].) In support of this claim, Plaintiff alleges that Defendant wrongfully denied her ERISA benefits when it failed to contribute four percent of her 2009 and 2010 salaries (amounting in $3,192.20) to her retirement fund. (*Id*.) Plaintiff further alleges that she was entitled to these benefits under Defendant's Charitable Leadership Defined Contribution Retirement Plan ("the Plan"). (*Id*.) Familiarity with the remaining factual allegations supporting this claim in Plaintiff's Complaint is assumed in this Decision and Order, which is intended primarily for review by the parties. (*Id*.)

    B.    **Factual Background**

The following summary of the events giving rise to this action is derived from Plaintiff's Complaint, Defendant's motion to dismiss, and Plaintiff's reply memorandum of law. (*See generally* Dkt. No. 1 [Plf.'s Compl.]; Dkt. No. 4 [Def.'s Motion to Dismiss]; Dkt. No. 5 [Plf.'s Resp. Memo. of Law].)

Plaintiff was employed by Defendant from May 2006 until July 2010, when she was temporarily laid off by Defendant. While Plaintiff was temporarily laid off, Defendant sent a letter to her (and other employees who were temporarily laid off) stating that eligible employees would receive a contribution of four percent of their 2009 and 2010 salaries to the Plan on or about November 15, 2010, and January 31, 2011, respectively. Subsequently, Defendant sent another letter to Plaintiff stating that those contributions would instead be made on or about March 31, 2011.

After contacting her bank, Plaintiff received written confirmation from that bank on May 17, 2010 and May 25, 2011, that the contributions in question had not been made. In May 2011, Plaintiff called Defendant to confirm that the contributions had not been made. During this call, Defendant did not ask Plaintiff to submit a claim for these contributions. Nor did she subsequently send any written communication to Defendant.

Rather, later in May 2011, Plaintiff filed an Application to File a Small Claim in Saratoga Springs City County Court for these contributions. Defendant subsequently removed this claim to federal court under 28 U.S.C. § 1331, on the ground that Plaintiff's claim arises under ERISA.

Familiarity with the remaining factual background of this action is assumed in this Decision and Order, which (again) is intended primarily for review by the parties. (*Id.*)

### C. Defendant's Motion

Generally, in support of its motion to dismiss for lack of subject-matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1), Defendant argues that Plaintiff failed to exhaust her available administrative remedies before commencing this action in May 2011, by failing to submit a prior written claim to Defendant as required by the Plan. (*See generally* Dkt. No. 4, Part 3 [Def.'s Memo. of Law].) In response to Defendant's motion, Plaintiff argues as follows: (1) she was never asked to submit a claim or any written communication to Defendant; and (2) she was an eligible participant in the Plan and thus entitled to the contributions she seeks. (*See generally* Dkt. No. 5 [Plf.'s Opp. Papers].) In its reply, Defendant reiterates its original argument that Plaintiff failed to exhaust her available administrative remedies before commencing a claim in court. (*See generally* Dkt. No. 6 [Def.'s Reply Memo. of Law].)

## II.     RELEVANT LEGAL STANDARDS

Generally, a claim may be properly dismissed for lack of subject-matter jurisdiction where a district court lacks constitutional or statutory power to adjudicate it.  *Makarova v. U.S.*, 201 F.3d 110, 113 (2d Cir. 2000).  A district court may look to evidence outside of the pleadings when resolving a motion to dismiss for lack of subject-matter jurisdiction.  *Makarova*, 201 F.3d at 113.  The plaintiff bears the burden of proving subject-matter jurisdiction by a preponderance of the evidence.  *Makarova*, 201 F.3d at 113 (citing *Malik v. Meissner*, 82 F.3d 560, 562 [2d Cir. 1996]).  When a court evaluates a motion to dismiss for lack of subject-matter jurisdiction, all ambiguities must be resolved and inferences drawn in favor of the plaintiff.  *Aurecchione v. Schoolman Transp. Sys., Inc.*, 426 F.3d 635, 638 (2d Cir. 2005) (citing *Makarova*, 201 F.3d at 113).

With regard to dismissals for failure to exhaust available administrative remedies, "[i]t is certainly true . . . that there is a 'firmly established federal policy favoring exhaustion of administrative remedies in ERISA cases.'"  *Paese v. Hartford Life & Acc. Ins. Co.*, 449 F.3d 435, 445 (2d Cir. 2006) (quoting *Kennedy v. Empire Blue Cross & Blue Shield*, 989 F.2d 588, 594 [2d Cir. 1993]).  However, the Second Circuit has been unambiguous in its statement that a plaintiff's failure to exhaust her available administrative remedies is an affirmative defense that must be pleaded and proved by a defendant, not a jurisdictional prerequisite to the plaintiff's commencing an action in federal court.  *Grover v. Hartford Life & Ass. Ins. Co.,* 04-CV-1340, 2007 WL 2757963, at *2 (N.D.N.Y. Sept. 21, 2007) (Scullin, S.J.) (citing *Paese*, 449 F.3d at

446).[1] As a result, such a challenge is properly raised on a motion for summary judgment,[2] or perhaps on a motion to dismiss without prejudice for failure to state a claim (if the failure to exhaust is evident from the face of the plaintiff's complaint).[3]

In support of its argument that a plaintiff's failure to exhaust her available administrative remedies prior to filing an ERISA action in federal court results in a lack of subject-matter jurisdiction, defense counsel relies on a Second Circuit Court of Appeals case and two cases from New York district courts. (*See generally* Dkt. No. 4, Part 3 [Def.'s Memo. of Law].)

---

[1] *See Paese*, 449 F.3d at 439 ("[W]e clarify that a plaintiff's failure to exhaust administrative remedies when bringing a claim for benefits pursuant to the Employee Retirement Income Security Act ('ERISA') section 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B), does not mean we lack subject matter jurisdiction, but rather is an affirmative defense, subject to waiver, estoppel, futility, and similar equitable considerations.").

[2] *See, e.g., Kennedy*, 989 F.2d at 596 (affirming district court's conversion of defendant's motion to dismiss under Fed. R. Civ. P. 12[b][6] to a motion summary judgment under Fed. R. Civ. P. 56, and granting of that motion, where plaintiffs had failed to exhaust their available administrative remedies before filing suit); *Saladin v. Prudential Ins. Co. of Am.,* 337 F. App'x 78, 80 (2d Cir. 2009) (affirming district court's grant of summary judgement of ERISA claim in favor of defendant where plaintiff failed to exhaust her available administrative remedies before filing suit); *Klotz v. Xerox Corp.,* 332 F. App'x 668, 669-70 (2d Cir. 2009) (affirming district court's grant of summary judgement in favor of defendant where plaintiff failed to exhaust her available administrative remedies before filing suit); *Grover,* 2007 WL 2757963, at *2-4 (granting defendant's motion for summary judgment regarding ERISA claim where plaintiff failed to exhaust his available administrative remedies before filing suit), *accord*, *Sanfilippo v. Provident Life and Casualty Ins. Co.*, 178 F. Supp. 2d 450, 458-59 (S.D.N.Y. 2002).

[3] *See, e.g., Teirtel v. Deloitte & Touche Pension Plan,* 420 F. App'x 116 (2d Cir. 2011), *aff'g, Frishberg v. Deloitte & Touche Pension Plan*, 07-CV-1081, 2008 WL 40000569, at *5-6 (D. Conn. Aug. 26, 2008) (granting Fed. R. Civ. P. 12[b][6] motion to dismiss of ERISA claim without prejudice for failing to exhaust available administrative remedies before filing suit); *Tafel v. Golub Corp.,* 11-CV-0648, 2012 WL 280729, at *2 (N.D.N.Y. Jan. 31, 2012) (Mordue, J.) (granting Fed. R. Civ. P. 12[b][6] motion to dismiss in an ERISA claim, in part because plaintiff pled facts that could only plausibly suggest that he failed to exhaust his available administrative remedies before filing suit).

5

However, only one of these cases (the Second Circuit case) is on point.[4]  Moreover, that case, which is decades old and only obliquely addresses the issue at hand, has effectively been overruled by the Second Circuit's decision in *Paese v. Hartford Life & Acc. Ins. Co.*, 449 F.3d 435 (2d Cir. 2006), which is more recent and clearly addresses the issue.[5]

### III.   ANALYSIS

As stated above in Part I.C. of this Decision and Order, Defendant's motion to dismiss for lack of subject-matter jurisdiction is based on Plaintiff's failure to exhaust her available administrative remedies before commencing this action.  However, as explained above in Part II of this Decision and Order, exhaustion of available administrative remedies before filing an ERISA claim is not a requirement for federal court jurisdiction in the Second Circuit.  For this reason, Defendant's motion must be, and is, denied.

Further, even if this Court were to liberally construe Defendant's motion as one to

---

[4]   *Compare Alfarone v. Bernie Wolff Constr. Corp.*, 788 F.2d 76, 78-79 (2d Cir. 1986) (finding that a failure to exhaust available administrative remedies resulted in a lack of standing to assert a ERISA claim) *with Sanfilippo*, 178 F. Supp. 2d at 458-59 (finding–while deciding a motion for *summary judgment*–that "timely exhaustion of plan remedies is a prerequisite to an ERISA suit in federal court") *and Mugno v. Societe Internationale de Telecommunications Aeronautiques, Ltd.*, 05-CV-2037, 2007 WL 316573, at *10-15 (E.D.N.Y Jan. 30, 2007) (deciding a motion to dismiss an ERISA claim for lack of personal jurisdiction and inadequate service, *not* lack of subject-matter jurisdiction).

[5]   *Compare Alfarone v. Bernie Wolff Constr. Corp.*, 788 F.2d 76, 78-79 (2d Cir. 1986) (nowhere mentioning Fed. R. Civ. P. 12[b][1] or lack of subject-matter jurisdiction) with *Paese v. Hartford Life & Acc. Ins. Co.*, 449 F.3d 435, 438, 446 (2d Cir. 2006) ("[W]e clarify that a plaintiff's failure to exhaust administrative remedies when bringing a claim for benefits pursuant to the Employee Retirement Income Security Act ('ERISA') section 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B), does not mean we lack subject matter jurisdiction, but rather is an affirmative defense, subject to waiver, estoppel, futility, and similar equitable considerations. . . [W]e hold that a failure to exhaust ERISA administrative remedies is not jurisdictional, but is an affirmative defense.").

dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6), the Court would have difficulty concluding that Plaintiff has pled herself out of court (i.e., by alleging facts that could only be construed as plausibly suggesting that she failed to exhaust her available administrative remedies before commencing this action).[6] This is because Plaintiff's Complaint (which is nothing more than a one-page "Application to File a Small Claim" in state court) says nothing about exhaustion of available administrative remedies. (Dkt. No. 1, Attach. 3 [alleging merely that "[a]ccording to the 403B Retirement Plan, defendant owes claimant a 4% employee contribution of claimant's 2009 & 2010 annual earnings"].) Nor does it allege that mere days elapsed between the acts giving rise to Plaintiff's claim and the commencement of this action. (*Id*.)

Although courts may liberally construe a *pro se* plaintiff's papers in opposition to a motion to dismiss for failure to state a claim as effectively amending her complaint (to the extent those papers are consistent with the allegations in the complaint), this Court would have difficulty doing so under the circumstances, because that rule was established to help, rather than hurt, *pro se* plaintiffs.[7] In any event, even if this Court were to construe Plaintiff's opposition

---

[6] *See Wheeler v. Prudential Fin., Inc.*, 499 F. Supp.2d. 219, 220-21 (N.D.N.Y. 2007) (Kahn, J.) (denying Fed. R. Civ. P. 12[b][6] motion to dismiss where reasonable inference could be made, based on plaintiff's factual allegations, that he had exhausted his available administrative remedies before filing ERISA claim).

[7] *See Drake v. Delta Air Lines, Inc.*, 147 F.3d 169, 170 n. 1 (2d Cir. 1998) (per curiam) ("[W]e deem Drake's complaint to include the facts contained in his memorandum of law filed in response to Delta's 1996 motion to dismiss."); *Gill v. Mooney*, 824 F.2d 192, 195 (2d Cir. 1987) ("In his affidavit submitted in opposition to defendants' motion to dismiss, Gill asserts that Mooney's actions amounted to deliberate and willful indifference. Liberally construed under *pro se* pleading standards, Gill's allegations against Mooney involve more than ordinary lack of due care for the prisoner's interests or safety, . . . and therefore state a colorable claim under the Eighth and Fourteenth Amendments.") (internal quotation marks and citation omitted); *Donhauser v. Goord*, 314 F. Supp. 2d 119, 212 (N.D.N.Y. 2004) (Sharpe, M.J.) ("[I]n cases where *a pro se* plaintiff is faced with a motion to dismiss, it is appropriate for the court to consider materials outside of the complaint to the extent they "are consistent with the allegations in the complaint.") (collecting district court cases), *vacated on other grounds*, 317 F. Supp. 2d 160 (N.D.N.Y. 2004) (Hurd, J.).

papers as effectively amending her Complaint, the Court notes that those opposition papers may be liberally construed as plausibly suggesting that estoppel (and/or other equitable considerations) might excuse Plaintiff's failure to exhaust under the circumstances. (Dkt. No. 5, at 3-4 [attaching pages "2" and "3" of Plf.'s Papers].)[8]  Simply stated, the Court finds that Defendant's challenge is properly raised on a motion for summary judgment.

For all of these reasons, Defendant's motion to dismiss for lack of subject-matter jurisdiction is denied.

**ACCORDINGLY,** it is

**ORDERED** that Defendant's motion to dismiss for lack of subject-matter jurisdiction (Dkt. No. 4) is **DENIED**; and it is further

---

[8] *See Strom v. Siegel Fenchel & Peddy P.C. Profit Sharing Plan,* 497 F.3d 234, 245-46 (2d Cir. 2007) (barring defendants from raising failure to exhaust administrative remedies defense where they failed to give adequate notice to plaintiff of right to appeal a denial of benefits); *Paese*, 449 F.3d at 438 ("[A] plaintiff's failure to exhaust administrative remedies when bringing a claim for benefits pursuant to the Employee Retirement Income Security Act . . . is an affirmative defense, subject to waiver, estoppel, futility, and similar equitable considerations."); *Davenport v. Harry N. Abrams, Inc.,* 249 F.3d 130, 133 (2d Cir. 2001) (noting that a plaintiff's failure to exhaust available administrative remedies will be excused "[w]here claimants make a clear and positive showing that pursuing available administrative remedies would be futile") (internal quotation marks omitted) (quoting *Kennedy*, 989 F.2d at 594); *Suthar v. Eastman Kodak Co.*, 09-CV-6403, 2010 WL 1741384, at *4 (W.D.N.Y. April 28, 2010) (acknowledging that, unless a "clear and positive" showing of futility is made, administrative remedies must be exhausted prior to suit) (internal quotation marks omitted); *MacLennan v. Provident Life & Acc. Inc. Co.*, 676 F. Supp.2d 57, 61-67 (D. Conn. 2009) (determining whether claimant had met the standards for establishing equitable tolling or futility, either of which would excuse claimant's failure to exhaust administrative remedies); *Egan v. Marsh & McLennan Cos., Inc.*, 07-CV-7134, 2008 WL 245511 at *10 (S.D.N.Y. Jan. 30, 2008) (noting that a claimant may be excused from failing to exhaust all administrative remedies by showing that it would be futile); *Am. Med. Ass'n v. United HealthCare Corp.*, 00-CV-2800, 2007 WL 1771498 at *5 (S.D.N.Y. June 18, 2007) ("Claimants may be exempted from the administrative exhaustion requirement only by making a clear and positive showing that pursuing available administrative remedies would be futile.") (internal quotation marks and citations omitted).

**ORDERED** that this case is referred to Magistrate Judge David R. Homer for a Rule 16 conference and a pretrial scheduling order .

Dated: March 23, 2012
       Syracuse, New York

Hon. Glenn T. Suddaby
U.S. District Judge